UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARIEL LEON,<br><br>　　　　　　　Plaintiff,<br>　v.<br>WYNN LAS VEGAS, LLC, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-00714-ART-BNW<br><br>ORDER<br><br>(ECF No. 10) |

　　　　Plaintiff Ariel Leon sued his former employer Defendant Wynn Las Vegas and associated Defendants under Title VII and Nevada law for race, national origin, and disability discrimination. Leon alleges disparate treatment in disciplinary actions, violence from supervisors, and other discriminatory working conditions at Wynn between 2005 and 2016.

**I.　　BACKGROUND**

　　　　Leon was hired by Wynn in 2005 as a casino porter. (ECF No. 6.) Leon has several medical conditions that likely qualify as disabilities, and he is of Mexican origin. (*Id.*) Leon's supervisor made demeaning comments to him and subjected him to harsher disciplinary actions than other employees. (*Id.*) Leon filed a charge with the EEOC, proceeded through mediation without resolving his claims, and ultimately obtained counsel and filed suit in this district. Leon alleged race, national origin, and disability discrimination, and retaliation under Title VII and the ADA. (*See id.*) Leon also alleged related state law claims. (*Id.*)

　　　　After a disagreement with counsel, Plaintiff proceeded *pro se* for several months in district court. *See Leon v. Wynn Las Vegas, LLC*, No. 2:16-CV-01623-GMN-GWF, 2018 WL 1277712 (D. Nev. Mar. 12, 2018). The district court dismissed the case without prejudice because Leon did not respond to Defendant's motion to dismiss, did not cooperate during discovery, and struggled to meaningfully participate in the case. *Id.*

　　　　In 2024, Leon refiled the complaint from 2016 along with a memorandum

1

in support of a continuance. (ECF No. 6 at 214-15.) In that memorandum, Leon explained that he has been unable to find replacement counsel during the last few months because potential lawyers are too busy, are on vacation, are unable to handle his case, or are too expensive. (*Id.*) He also states that he believes more discovery is needed to properly present this case for trial. (*Id.*)

## II. LEGAL STANDARD

### A. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and enough facts "to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). A facially plausible claim may be dismissed for "lack of a cognizable legal theory." *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016).

A district court may take judicial notice of undisputed matters of public record, including court opinions, without converting a motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 688, 691.

A district court may dismiss a complaint on statute of limitations grounds "only if, accepting all well-pled facts in the complaint as true, 'it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *United States v. Page*, 116 F.4th 822, 826 (9th Cir. 2024) (citing *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)).

### B. Statute of Limitations Under Title VII

A party seeking to sue under Title VII must file their lawsuit within ninety days of receiving a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e–

5(f)(1). "If a litigant does not file suit within ninety days . . . then the action is time-barred." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121–22 (9th Cir. 2007); *see also Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010) (90-day limitations period also applies to ADA claims). "A district court may *sua sponte* consider whether a complaint is barred by the statute of limitations." *Page*, 116 F.4th at 825.

### III. Discussion

The Court must decide if Plaintiff's claims are barred by the statute of limitations. In Title VII cases, "where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90–day limitations period." *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (quoting *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993); *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir.1985) (*per curiam*)).

The statute of limitations applies to Plaintiff's claims, and Plaintiff has not pled any facts that meaningfully contest that it applies. Plaintiff's 2016 complaint was timely filed and later dismissed, meaning that the 90-day limitations period continued running and expired before Plaintiff's current suit using the same complaint. *See O'Donnell*, 466 F.3d at 1111; (ECF No. 6). Plaintiff's memorandum from May 2024 stating that he "has been diligently seeking replacement counsel during the last few months," accepted as true, does not establish the timeliness of his claim. Additionally, Plaintiff has not responded to Defendant's motion to dismiss or otherwise filed any documents with the Court for several months. (*See* ECF No. 19.)

As there may be facts that could establish timeliness of the claim, the Court dismisses Plaintiff's Title VII and ADA claims without prejudice and with leave to amend.

Additionally, the Court declines to exercise supplemental jurisdiction under over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

**IV.    CONCLUSION**

The Court grants Defendant's Motion to Dismiss, (ECF No. 10), and dismisses Plaintiff's complaint without prejudice and with leave to amend.

DATED THIS 31st day of January 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE